UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

cc: order, docket, remand letter to Los Angeles Superior Court, No. BC 471312

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 12-03117 SJO (PLAx)     **DATE:** June 12, 2012

**TITLE:** Daniel Sadeh, et al. v. Safeco Insurance Company, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                         Not Present
Courtroom Clerk                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

On October 11, 2011, Plaintiffs Daniel Sadeh and Mirit Sadeh (collectively, "Plaintiffs") filed a Complaint against Defendants Safeco Insurance Company of America ("Safeco") and First National Insurance Company of America ("First National") (collectively, "Defendants") in Los Angeles County Superior Court. (*See generally* Not. of Removal ("Notice") Ex. A ("Compl."), ECF No. 1.) On April 10, 2012, Defendants removed this action from state court to the Central District of California. (*See generally* Notice.) For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' Complaint alleges two causes of action against Defendants: breach of insurance contract and breach of the covenant of good faith and fair dealing.[1] (Compl. ¶¶ 9-46.) The Complaint sets forth the following allegations. Plaintiffs own real property located at 12714 Hortense Street, Studio City, California (the "Property"). (Compl. ¶ 9.) Plaintiffs maintained an insurance policy for the Property with Defendants, which covered "all risks" except as excluded. (Compl. ¶¶ 10-12.) Around November 21, 2010, the hot water heater at the Property began to leak, suddenly and accidentally causing severe water damage to the Property. (Compl. ¶ 13.) Plaintiffs promptly notified Defendants. (Compl. ¶ 14.) Defendants wrongfully denied the claim and refused to compensate Plaintiffs for the loss. (Compl. ¶ 15.) This failure to compensate has resulted in further damage: (1) Plaintiffs were unable to purchase new insurance on the open market; (2) Plaintiffs are being forced to purchase insurance directly from their lender at the rate of

---

[1] Plaintiffs had originally filed a third cause of action against a third defendant (Hansen-Hokama, Structural Engineers), but Plaintiffs have since dismissed the Complaint against Hansen-Hokama, Structural Engineers. (Notice ¶¶ 8-9.)

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 12-03117 SJO (PLAx)          DATE:  June 12, 2012

$11,000 every three months; and (3) Plaintiffs cannot repair their home. (Compl. ¶¶ 42-43.) Plaintiffs also demand punitive damages. (Compl. ¶ 46.)

The cover sheet from the Complaint lists the amount demanded as "exceeds $25,000." (Notice Ex. A ("Civil Case Cover Sheet") 1.) Most of the damages sough are not quantified in the Complaint. (*See generally* Compl.) Indeed, the Complaint's only concrete numerical figure is the sum that Plaintiffs are now paying for insurance directly from their lender: $11,000 every three months. (Compl. ¶ 43.) On April 10, 2012, Defendants removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Notice ¶ 1.)

II.     DISCUSSION

A defendant may remove an action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

   A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. 28 U.S.C. § 1447(c). "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

   B.     Complete Diversity

Plaintiffs are individuals residing in California. (Compl. ¶ 1.) A person is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Safeco is a corporation "incorporated in New Hampshire with its principal place of business in . . . Massachusetts." (Notice ¶ 6.) First National is a corporation "incorporated in New Hampshire with its principal place of business in . . . Massachusetts." (Notice ¶ 7.) "A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "'Principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010). Thus, Defendants are citizens of both New Hampshire and Massachusetts.

Because no Plaintiff is a citizen of the same state as any Defendant, complete diversity exists in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 12-03117 SJO (PLAx)          DATE:  June 12, 2012

    C.    Amount in Controversy Requirement

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal to federal court means that "the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). For removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, it is not facially evident from the Complaint that more than $75,000 is in controversy. (*See generally* Compl.) Plaintiffs make an open-ended assertion that damages "exceed[] $25,000." (Civil Case Cover Sheet 1.) Defendants cannot merely rely on this open-ended assertion. *See Matheson*, 319 F.3d at 1091 (holding that "in excess of [$30,000]" - without further explanation - is not sufficient to prove the amount-in-controversy requirement). Plaintiffs neither provided the total cost of the water damage, nor did they provide the total cost of the additional damage that they have incurred as a result. (*See generally* Compl.) The only concrete number included in the Complaint is the $11,000 per three months that Plaintiffs must now pay for insurance from their lender. (Compl. ¶ 43.) But the Complaint fails to state how long Plaintiffs have been paying this sum. (*See generally* Compl.) Even if Plaintiffs have been paying $11,000 every three months since the day they filed the Complaint - October 11, 2011 - this measure of damages would be less than $30,000. Furthermore, from the $30,000, Plaintiffs would need to subtract the cost of what they would have paid for insurance on the open market. Thus, the entire quantifiable damage that Plaintiffs have identified in the Complaint amounts to less than $30,000. There are no other facts or figures from the Complaint from which the Court can glean a true amount in controversy. (*See generally* Compl.)

Because no specific amount in controversy is alleged in the Complaint, Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090-91. This Court has held that a preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the Court to speculate as to the value of too many variables." *Dupre v. Gen. Motors*, No. 10-CV-00955, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-03117 SJO (PLAx)          DATE: June 12, 2012

controversy, a defendant's "calculations [must be] good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. CV 10-01141, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011). The removing defendant must also "set[] forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090.

Defendants' only attempt to convince the Court that the amount in controversy requirement has been met is their statement that Plaintiffs seek "general and special damages, damages to provide coverage under an insurance policy plus interest, economic damages, consequential damages, attorney fees as well as punitive and exemplary damages." (Notice ¶ 13.) This is nothing more than a rote recitation of the types of relief requested. Defendants have done nothing to quantify these damages. Defendants have placed no "summary-judgment-type" evidence before the Court to support removal. Defendants present no other arguments aside from a conclusory allegation that "the amount in controversy exceeds $75,000, exclusive of interests and costs." (Notice ¶ 14.) This conclusory allegation is insufficient. *See Matheson*, 319 F.3d at 1090. The Court cannot say it is more probable than not that the amount in controversy exceeds $75,000. Because Defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court remands this action.

III.    CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles County Superior Court. This action shall close.

IT IS SO ORDERED.